UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00132-LLK

JOHNNY D. SMITH                                                                                       PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 13 and 16. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 10.)

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaints.

**The ALJ's decision**

The ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments: status post right front craniotomy and subtotal resection, history of alcohol abuse, depressive disorder, anxiety, degenerative disc disease of the lumbar spine and organic mental disorders. [Administrative Record (AR) at 14.] These impairments preclude Plaintiff from performing his past relevant work as a very heavy furniture mover / laborer (semiskilled) and light small business owner / laborer (skilled). [AR at 21.] Plaintiff's physical impairments restrict him to light work, but, because he suffers seizures, he must avoid climbing ladders / ropes / scaffolds, unprotected heights, moving mechanical parts, and operating commercial vehicles. [AR at 16.] Plaintiff's mental impairments limit him to simple, routine tasks and decisions, over two-hour segments, with no more than occasional contact

1

with the public. [*Id.*] Plaintiff is not disabled because he retains the ability to perform a significant number of jobs in the national economy such as light bench assembly, weighing/measuring, and cleaning/custodial. [AR at 22.]

**Plaintiff's first argument**

Plaintiff makes three arguments. First, he argues that his low weight (associated with gastrointestinal issues) meets or equals the clinical criteria of Section 5.08 of Appendix 1 of the regulations (the so-called Listing of medical impairments). Plaintiff carries the burden of proving that the clinical criteria of a listed impairment are satisfied, and this burden is strictly construed because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational consideration). *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Listing § 5.08 provides that the following medical impairment is per-se disabling:

> *Weight loss due to any digestive disorder* despite continuing treatment as prescribed, with BMI [body mass index] of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period.

Listing § 5.08, 20 C.F.R. Part 404, Subpart P, Appendix 1 *(italics in original)*.

Plaintiff cites and the Court finds no evidence in the administrative record that he had a BMI of less than 17.50. Plaintiff's lowest weight (of record) was in May 2017. [AR at 525-26.] He is 70 inches (5 foot, 10 inches) tall and weighed 130 pounds, resulting in a BMI of 18.65 kg/m2. [*Id.*] In February 2015, Plaintiff's BMI was between 23.22 (kg/m2) and 23.42 [AR at 326, 340]; in August 2015, it was 20.92 [AR at 335]; and in June 2016, it was 20.6 [AR at 421]. Additionally, Plaintiff fails to identify evidence of prescribed treatment for his low-weight condition as required by the Listing. Therefore, Plaintiff has failed to prove that his low-weight condition satisfies the requirements of Listing § 5.08.

**Plaintiff's second argument**

Plaintiff's second argument is based on the findings of psychologist Greg Lynch, Ph.D. In October 2015, Dr. Lynch examined Plaintiff at the request of the Commissioner. Dr. Lynch found, among other things, that Plaintiff's ability to tolerate stress and pressure of day-to-day employment is affected by his mental impairments, "with moderate to marked limitations noted." [AR at 377.] Additionally, according to Dr. Lynch, Plaintiff's capacity to respond appropriately to supervision, coworkers, and work pressures in a work setting is affected, "with moderate to marked limitations noted." [*Id.*] In February 2016, in light of Dr. Lynch's findings and the record as a whole, the Commissioner's non-examining program psychologist, H. Thompson Prout, Ph.D., opined that Plaintiff has no more than "moderate" limitation in any functional area. [AR at 86, 90-92.] The ALJ gave "partial" weight to Dr. Lynch's findings and "great" weight to Dr. Prout's findings because: 1) Dr. Prout's "assessment is consistent with the record as a whole," 2) Dr. Prout "is familiar with and he based his conclusion on the evidence as a whole and on [Plaintiff's] assertions," and 3) "Evidence received into evidence at the hearing level did not diminish or alter [Dr. Prout's] findings." [AR at 20.]

Plaintiff argues that the ALJ erred in not adopting the "marked" limitations found by Dr. Lynch. The argument is unpersuasive for two reasons. First, Dr. Lynch did not unambiguously find that Plaintiff suffers from any "marked" limitation. In finding "moderate to marked limitations," it is unclear if Dr. Lynch meant that Plaintiff's limitations: 1) Fall between moderate and marked, 2) Are sometimes moderate and sometimes marked, or 3) Dr. Lynch lacked adequate clinical information to say whether Plaintiff's limitations are moderate or marked. Second, assuming for the sake of argument that Dr. Prout's findings are (necessarily) inconsistent with Dr. Lynch's findings, Plaintiff cites and the Court finds no basis for concluding that the ALJ abused his discretion in preferring Dr. Prout's findings to Dr. Lynch's findings. The opinion of an examining physician is generally given more weight than that of a non-examining medical

source. 20 C.F.R. § 416.927(c)(1). However, an ALJ need not give particularly "good reasons" for preferring the opinion of a non-examining source (e.g., Dr. Prout) to that of a one-time examining source (e.g., Dr. Lynch). *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875-76 (6th Cir. 2007) (recognizing that the requirement in Section 416.927(c)(2) that the ALJ give "good reasons" for rejecting the opinion of a medical source applies only to <u>treating</u> sources).

### Plaintiff's third argument

Plaintiff's third and final argument is that the ALJ erred in not finding that he has a "marginal education" and in finding that he can read sufficiently to perform the jobs of light bench assembly, weighing/measuring, and cleaning/custodial. [AR at 22.] In part, Plaintiff's argument lacks a factual basis because the ALJ did find that Plaintiff "has a marginal education." [AR at 21.] Plaintiff indicated that he has a sixth- or a seventh-grade education, can read English, and can write more that his name in English. [AR at 31, 33, 34, 185, 187, 217.] Plaintiff identifies no evidentiary basis for concluding that the jobs in question require greater reading abilities than Plaintiff possesses.

### Order

Therefore, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

July 8, 2019

**Lanny King, Magistrate Judge**
**United States District Court**